FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 0 8 2016

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

In the United States District Court
Eastern District of Arkansas
Western Division

Mary Beavers                                              Plaintiff

v.

4:16cv 886  SWW

Midland Funding LLC; Midland
Credit Management, Inc.; and Lloyd
& McDaniel, PLC                                           Defendants

## Complaint

1.     This is an action for damages brought by Mary Beavers, an

individual consumer, for Defendants Midland Funding LLC's, Midland

Credit Management, Inc.'s, and Lloyd & McDaniel, PLC's violations of the

Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, the

Arkansas Fair Debt Collection Practices Act (AFDCPA), Ark. Code Ann. §

17-24-501, *et seq.*, the Arkansas Deceptive Trade Practices Act (ADTPA),

Ark. Code Ann. § 4-88-101, *et seq.*, all of which prohibit debt collectors from

engaging in abusive, deceptive, and unfair practices.

### Parties

2.     Plaintiff Mary Beavers is a citizen of Pulaski County, Arkansas,

and was so at the time of the events establishing this Complaint. Mary

Beavers is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Ark. Code

Ann. § 17-24-502(2), and a "person" as defined by Ark. Code Ann. § 4-88-

102(5).

This case assigned to District Judge   Wright
and to Magistrate Judge   Ray

3.     Midland Funding LLC is a foreign limited liability company organized under Delaware law with its principal place of business located at 8875 Aero Drive, Suite 200, San Diego, CA. Midland Funding LLC's registered agent is Corporation Service Company, 300 Spring Building, Suite 900, 300 S. Spring Street, Little Rock, AR 72201. Midland Funding LLC regularly attempts to collect debts alleged due from another and is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A) and a "person" as defined by Ark. Code Ann. § 4-88-102(5). Midland Funding LLC is a licensed collection agency with the Arkansas State Board of Collection Agencies.

4.     Midland Credit Management, Inc., if a foreign for profit corporation organized under Kansas law with its principal place of business located at 500 W. 1ˢᵗ, Hutchinson, KS 67504. Midland Credit Management, Inc.'s registered agent is Corporation Service Company, 300 Spring Building, Suite 900, 300 S. Spring Street, Little Rock, AR 72201. Midland Credit Management, Inc., regularly attempts to collect debts alleged due from another and is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A) and a "person" as defined by Ark. Code Ann. § 4-88-102(5). Midland Credit Management, Inc., is a licensed collection agency with the Arkansas State Board of Collection Agencies.

5.     Lloyd & McDaniel, PLC, is a foreign limited liability company organized under Kentucky law with its principal place of business located at 11405 Park Road, Suite 200, Louisville, KY 40223. Lloyd & McDaniel,

2

PLC's registered agent is Corporation Service Company, Corporation Service Company, 300 Spring Building, Suite 900, 300 S. Spring Street, Little Rock, AR 72201. Lloyd & McDaniel, PLC regularly attempts to collect debts alleged due from another and is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A). Lloyd & McDaniel, PLC is a licensed collection agency with the Arkansas State Board of Collection Agencies.

### Jurisdiction and Venue

6.     This Court has original jurisdiction over this civil action under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), because Mary Beavers' claims for violations of the FDCPA arise under the law of the United States. This Court has supplemental jurisdiction over Mary Beavers' remaining claims under 28 U.S.C. § 1367 because those claims are so related to her claims for violations of the FDCPA they form part of the same case or controversy under Article III of the United States Constitution.

7.     The Court has in personam jurisdiction over Midland Funding LLC (Midland Funding), Midland Credit Management, Inc. (Midland Credit Management), and Lloyd & McDaniel, PLC (Lloyd & McDaniel) under Arkansas' "long-arm" statute.[1] This Court's assertion or jurisdiction over Midland Funding, Midland Credit Management, and Lloyd & McDaniel, is

---

[1] Ark. Code Ann. § 16-4-101(B).

consistent with due process because all defendants have sufficient minimum contacts with Arkansas so that this Court's exercise of jurisdiction is consistent with traditional notions of fair play and substantial justice. Midland Funding and Midland Credit Management purposefully availed themselves of the protection of the laws of Arkansas each should would reasonably anticipate being haled into court in Arkansas by attempting to collect a consumer debt from an Arkansas citizen. This Court's exercise of jurisdiction over Midland Funding, Midland Credit Management, and Lloyd & McDaniel is reasonable. Furthermore, this Court's assertion or jurisdiction over Midland Funding, Midland Credit Management, and Lloyd & McDaniel, is consistent with due process because all defendants have sufficient minimum contacts with Arkansas so that this Court's exercise of jurisdiction is consistent with traditional notions of fair play and substantial justice based on the following factors:

- Midland Funding files thousands of debt collection lawsuits in Arkansas Circuit and District Courts each year;
- Midland Credit Management typically provides Affidavits in support of Midland Funding's allegations in these debt collection complaints by having employees, sign these Affidavits.

- Lloyd & McDaniel employs Arkansas attorneys who file debt collection lawsuits for Midland Funding and other debt collectors in Arkansas Circuit Courts.

- Mary Beaver's causes of action asserted herein are directly related to each Defendants' contacts with Arkansas.

- Arkansas has an interest in protecting its citizens from violations of the FDCPA, the AFDCPA, and the ADTPA.

- This Court is a convenient forum for all parties to resolve Mary Beavers' claims and causes of action.

8.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions establishing the claim occurred in this judicial district and division.

### Factual Background

9.     On December 2, 2015, Midland Funding filed a civil action against Mary Beavers in the Circuit Court of Pulaski County, Arkansas.[1] The Complaint was signed by Ashley Jones, an attorney for Lloyd & McDaniel. Rachel Kuperman, another attorney for Lloyd & McDaniel was also listed on the signature line of the Complaint. The Complaint alleged that:

- Mary Beavers purchased items with an extension of credit obtained on her Credit One Bank, N.A. account;

---

[1] See attached Exhibit 1 (Complaint, Affidavit, and other documents that were attached to the Complaint).

- The Credit One Bank, N.A. account was purchased and assigned to Midland Funding for good and valuable consideration.

- The amount past due on the account, which had not been paid and was owed for a period of time was $613.51.

10.    Upon information and belief, the debt Midland Funding sued Mary Beavers on is a financial obligation for personal, family, or household purposes, and is a "debt" as defined by 15 U.S.C. § 1692a(5) and Ark. Code Ann. § 17-24-502(4).

11.    Attached to the Complaint was an Affidavit signed by Amanda Frahm, an employee of Midland Credit Management, the "servicer of this account on behalf of MIDLAND FUNDING, LLC[.]" The Affidavit swore that the following, among other statements, was true:

- Midland Funding was the owner of, and/or successor to, the obligation sued upon, and was assigned all the rights, title and interest to Mary Beavers' Credit One Bank, N.A. account; and

- Mary Beavers owed a balance of $613.51 as of August 12, 2015.

12.    The statements that Mary Beavers had a Credit One Bank, N.A. account and that Mary Beavers owed a balance of $613.51 were false.

13.    On December 10, 2015, Midland Funding served Mary Beavers with the Complaint and Summons.

14.    On January 26, 2016, Mary Beavers went to the Clerk's Office of the Pulaski County Courthouse and filed a hand-written, *pro se* Answer on

one of the pages of the Summons.[3] It read: "Answer: I did not apply for nor receive a credit card. This is not my bill[.]" The hand-written Answer also stated her address, phone number, and email address.

15.   Mary Beavers then went to the Little Rock Police Department and filed an incident report.

16.   On or about February 24, 2016, Midland Funding filed Plaintiff's First Set of Request for Admissions, which were signed by Rachel Kuperman.[4] The Requests for Admission did not advise Mary Beavers that the matters would be admitted unless she responded to the Requests for Admission within 30 days. The blanks on the Certificate of Service where the month and date would normally be filled in were left blank. Also attached to the Requests for Admission was a form Verification (even though the Arkansas Rules of Civil Procedure do not require Responses to Requests for Admission to be Verified).

17.   On July 11, 2016, Midland Funding moved for summary judgment on the basis of the allegations in the Complaint, the Affidavit attached to the Complaint, and Mary Beavers' alleged failure to respond to the Requests for Admission. Rachel Kupmerman signed the Motion for Summary Judgment and the Brief in Support.[5]

---

[3] *See* attached Exhibit 2.

[4] *See* attached Exhibit 3.

[5] *See* attached Exhibits 4 and 5.

18.   On August 23, 2016, the Circuit Court held a hearing on the Motion for Summary Judgment. Mary Beavers attended the hearing. No attorney for Lloyd & McDaniel attended the hearing. Instead, a local attorney appeared for Midland Funding. The Court denied the Motion for Summary Judgment because there was not proof that the Requests for Admission was served on Mary Beavers.

19.   Defendants' and their employees' and agents' conduct in suing to attempt to collect a debt from Mary Beavers that she did not owe on a credit card she did not apply for, receive, or use, was the direct and proximate cause of actual damages, including emotional distress, and has caused unnecessary strain on her as she tried to represent herself in Circuit Court and was worried that a judgment would be entered against her on a credit card that she did not apply for or use.

## Respondeat Superior Liability

20.   The acts and omissions of employees and agents of Midland Funding, Midland Credit Management, and Lloyd & McDaniel who filed a lawsuit and provided false information in the lawsuit against Mary Beavers to attempt to collect a debt were committed within the time and space limits of their agency relationship with their principals Midland Funding, Midland Credit Management, and Lloyd & McDaniel, respectively.

---

*See* attached Transcript of Hearing on Motion for Summary Judgment attached as Exhibit 6.

21.    The acts and omissions of Midland Funding's, Midland Credit Management's, and Lloyd & McDaniel's employees and agents, were incidental to, or of the same general nature as, the responsibilities these employees and agents could perform by Midland Funding, Midland Credit Management, and Lloyd & McDaniel, respectively.

22.    By committing these acts and omissions against Mary Beavers, Midland Funding's, Midland Credit Management's, and Lloyd & McDaniel's and other employees and agents were motivated to benefit their principals, Midland Funding, Midland Credit Management, and Lloyd & McDaniel's respectively.

23.    Midland Funding, Midland Credit Management, and Lloyd & McDaniel, are therefore liable to Mary Beavers under the doctrine of respondeat superior for the intentional and negligent acts, errors, and omissions that violated federal and state law by their collection employees and agents, including violations of the FDCPA, the AFDCPA, and the ADTPA, in their attempts to collect a consumer debt from Mary Beavers.

## Standing

24.    Mary Beavers has standing under Article III of the United States Constitution because she has suffered an injury in fact, the injury in fact is traceable to the challenged conduct of Defendants described herein, and her injury in fact is likely to be redressed by a favorable judicial decision in this Court. Mary Beavers' injury in fact is both particular and concrete because

she suffered an invasion of a legally protected interest that is concrete, particularized and actual or imminent. Many provisions of the FDCPA, the AFDCPA, and Arkansas's common law recognize a consumer's right to privacy and provides redress for violations of those privacy rights, including the right to be left alone from debt collection efforts on debts the consumer does not owe. The ADTPA recognizes the risk of harm to persons who are subject to unconscionable, false, or deceptive acts or practices in business, commerce, or trade.

## Causes of Action

### Count I–Violations of the FDCPA, 15 U.S.C. § 1692, et seq.

25.    Mary Beavers re-alleges and incorporates the foregoing paragraphs, as if set forth word for word.

26.    Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following provisions:

   a.    Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass harasses, oppress or abuse any person in connection with the collection of a debt;

   b.    Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

   c.    Defendants violated 15 U.S.C. § 1692e(2) by making false, deceptive, or misleading representations about the character, amount, or legal status of the alleged debt;

   d.    Defendants violated 15 U.S.C. § 1692e(8) by communicating false credit information, including the failure to communicate that the debt was disputed;

   e.    Defendants violated 15 U.S.C. § 1692e(10) by making false representations or using deceptive means to collect the alleged debt;

   f.    Defendants violated 15 U.S.C. § 1692f by making unfair and unconscionable means to collect or attempt to collect the alleged debt; and

   g.    Defendants violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not authorized by the agreement creating the alleged debt or permitted by law.

27.    Because of the above violations of the FDCPA, Defendants are liable to Mary Beavers for a declaratory judgment that Defendants' conduct violated the FDCPA, Mary Beavers' actual damages under 15 U.S.C. § 1692k(a)(1), statutory damages of $1,000 under 15 U.S.C. § 1692k(a)(2)(A), and costs and reasonable attorney fees under 15 U.S.C. § 1692k(a)(3).

*Count II–Violations of the AFDCPA, Ark. Code Ann. § 17-24-501, et seq.*

28.  Mary Beavers re-alleges and incorporates the foregoing paragraphs, as if set forth word for word.

29.  Defendants violated the AFDCPA. Defendants' violations include, but are not limited to, the following provisions:

    a.  Defendants violated Ark. Code Ann. § 17-24-505(a) by engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

    b.  Defendants violated Ark. Code Ann. § 17-24-506(a) by using false, deceptive, or misleading representations or means in connection with the collection of a debt.

    c.  Defendants violated Ark. Code Ann. § 17-24-506(b)(2)(A) by making false, deceptive, or misleading representations about the character, amount, or legal status of the alleged debt.

    d.  Defendants violated Ark. Code Ann. § 17-24-506(b)(8) by communicating false credit information, including the failure to communicated that the debt was disputed.

    e.  Defendants violated Ark. Code Ann. § 17-24-506(b)(10) by making false representations or using deceptive means to collect the alleged debt.

f.  Defendants violated Ark. Code Ann. § 17-24-507(a) by making unfair and unconscionable means to collect or attempt to collect the alleged debt.

g.  Defendants violated Ark. Code Ann. § 17-24-507(b)(1) by attempting to collect an amount not authorized by the agreement creating the alleged debt or permitted by law.

30.  Because of the above violations of the AFDCPA, Defendants are liable to Mary Beavers for a declaratory judgment that Defendants' conduct violated the AFDCPA, Mary Beavers' actual damages under Ark. Code Ann. § 17-24-512(a)(1), statutory damages of $1,000 under Ark. Code Ann. § 17-24-512(a)(2)(A), and costs and reasonable attorney fees under Ark. Code Ann. § 17-24-512(a)(3)(A).

### Count III–Violations of the ADTPA, Ark. Code Ann. § 4-88-101, et seq., (Against Defendants Midland Funding and Midland Credit Management)

31.  Mary Beavers re-alleges and incorporates the foregoing paragraphs, as if set forth word for word.

32.  The ADTPA is designed to protect Arkansans from deceptive, unfair, and unconscionable trade practices. It is a remedial statute, which is construed broadly.

33.  Midland Funding and Midland Credit Management and their respective employees and agents, are "persons" as defined in Ark. Code Ann. § 4-88-107(a)(10).

34.    Midland Funding and Midland Credit Management and its employees' and agents' actions described are deceptive and unconscionable trade practices made unlawful and prohibited by the ADTPA, including but not limited to engaging in unconscionable, false, or deceptive acts or practices in business, commerce, or trade under Ark. Code Ann. § 4-88-107(a)(10).

35.    Midland Funding and Midland Credit Management and its employees' and agents' conduct was willful and wanton.

36.    Mary Beavers suffered actual damages, including emotional distress and mental anguish, as a result of the violations of the ADTPA and may recover her actual damages and reasonable attorney's fees and costs under Ark. Code Ann. § 4-88-113(f).

## Jury Demand

37.    Mary Beavers demands a jury trial.

## Prayer for Relief

Mary Beavers prays judgment be entered against Defendants for her actual damages, statutory damages, costs and reasonable attorney fees, and for such other relief as may be just and proper.

Respectfully submitted

Corey D. McGaha
Ark. Bar No. 2003047
William T. Crowder
Ark. Bar No. 2003138

14

CROWDER MCGAHA, LLP
5507 Ranch Drive, Suite 202
Little Rock, AR 72223
Phone: (501) 205-4026
Fax: (501) 367-8208
cmcgaha@crowdermcgaha.com
wcrowder@crowdermcgaha.com

*Counsel for Plaintiff Mary Beavers*

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2015-Dec-02  14:04:25
60CV-15-5953
C06D13 : 20 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION

MIDLAND FUNDING LLC                                          PLAINTIFF

vs.                    CASE NO.

MARY BEAVERS                                                 DEFENDANT

### COMPLAINT

The Plaintiff, MIDLAND FUNDING LLC, by and through its Attorneys, Lloyd & McDaniel, PLC, and for its cause of action against the Defendant alleged and states as follows:

1. Plaintiff is a foreign entity authorized to do business in the State of Arkansas pursuant to Arkansas Code Annotated 4-27-1501.

2. That the Defendant herein is believed to be a resident of Pulaski County, Arkansas and this Court has jurisdiction of the parties and the subject matter herein.

3. That Defendant purchased certain items with extension of credit obtained on the Defendant's Credit One Bank, N.A. account. This account was purchased by, and assigned to the Plaintiff for good and valuable consideration.

4. That the amount past due on said account, which has not been paid and has been owed for a period of time is $613.51, as set out in Plaintiff's Affidavit which is attached hereto and incorporated herein by reference.

5. That demand has been made for the payment of same, yet the balance remains unpaid.

Plaintiff has attached an Affidavit of Account as Exhibit I, the Assignment/Bill of Sale as Exhibit II and additional supporting documentation as Exhibit III.

Complaint: Exhibit 1

WHEREFORE, Plaintiff prays for Judgment against the Defendant in the amount of $613.51, plus all costs herein paid and expended, and for all other proper relief.

_/s/Ashley Jones_____
**Rachel Kuperman (2010152)**
**Ashley Jones** (2007097)
LLOYD & McDANIEL, PLC
Attorneys for Plaintiff
PO Box 23200
Louisville, KY 40223-0200
(866)548-2486

*All account numbers and social security numbers are fully redacted (blacked out) as required by the Arkansas Rules of Civil Procedure and Arkansas Supreme Court Administrative Order No. 19. Upon your request, my office can provide you a copy of the Complaint showing the full account number and a partially redacted social security number.*

This firm is acting as a debt collector.  This communication is an attempt to collect a debt and any information obtained will be used for that purpose.

LM/M010433/PARSUITS/ES



# EXHIBIT I

# EXHIBIT II

# EXHIBIT III

# EXHIBIT I

MIDLAND FUNDING LLC, as successor in
interest to CREDIT ONE BANK, N.A.

    Plaintiff

-vs-                        AFFIDAVIT OF AMANDA FRAHM

MARY BEAVERS,

    Defendant(s).

Amanda Frahm, whose business address is 16 Mcleland Road Suite 101, St. Cloud, MN 56303, certifies and says:

1.    I am employed as a Legal Specialist and have access to pertinent account records for Midland Credit Management, Inc. ("MCM"), servicer of this account on behalf of MIDLAND FUNDING LLC, the plaintiff in this action. Plaintiff purchases portfolios of delinquent accounts from either the original creditor or a subsequent purchaser of the account, and thereafter assigns the accounts to MCM to be serviced. Plaintiff does not operate and / or maintain a computer system. MCM holds the computer records and account information for accounts purchased by Plaintiff. I am a competent person over eighteen years of age, and make the statements herein based upon personal knowledge of those account records maintained on Plaintiff's behalf. Plaintiff is the current owner of, and/or successor to, the obligation sued upon, and was assigned all the rights, title and interest to MARY BEAVERS'S (Defendant) CREDIT ONE BANK, N.A. account (hereinafter "the account"). I have access to and have reviewed the records pertaining to the account and am authorized to make this affidavit on Plaintiff's behalf.

2.    I am familiar with and trained on the manner and method by which MCM creates and maintains its business records pertaining to this account. The records are kept in the regular course of business. It was in the regular course of business for a person with knowledge of the act or event recorded to make the record or data compilation, or for a person with knowledge to transmit information thereof to be included in such record. In the regular course

---

AFFIDAVIT OF AMANDA FRAHM - 1


8565156440


AFFRECORD


M010433

of business, the record or compilation is made at or near the time of the act or event. The

relevant financial information concerning the account includes the following:

3.     MCM's records show that Defendant(s) owed a balance of $613.51 as of 2015-08-12.

       I certify under penalty of perjury that the foregoing statements are true and correct.


AUG **2 0** 2015
_____
Date                                          _____
                                              Amanda Frahm

STATE OF MINNESOTA

COUNTY OF STEARNS

Signed and sworn to (or affirmed) before me on _____AUG **2 0** 2015_____ by Amanda Frahm.

> **BREANNE ALYSSA JOHNSON**
> NOTARY PUBLIC - MINNESOTA
> Commission Expires January 31, 2020
(Seal)

_____
Notary Public

KY1
Lloyd & McDaniel, PLC


8565156440


AFFRECORD


M010433

# EXHIBIT II

## BILL OF SALE AND ASSIGNMENT
## FROM MHC RECEIVABLES, LLC TO PURCHASER

MHC Receivables, LLC ("Seller"), for good and valuable consideration, the receipt of which is hereby acknowledged hereby transfers, sells, assigns, conveys, grants and delivers to Sherman Originator III LLC ("Purchaser"), without recourse, representation or warranty, all of its right, title and interest in and to (i) the Accounts identified on an account level basis on the data file titled ▓▓▓▓▓▓▓▓Redacted▓▓▓▓▓▓▓▓attached to this Agreement (the "Released Accounts"); and (ii) all claims arising out of or relating to each Released Account. Purchaser hereby agrees that it will not institute against Seller, or join any person in instituting against Seller, any bankruptcy, reorganization, arrangement, insolvency or liquidation proceeding, or any other proceeding under any federal or state bankruptcy or similar law, until one year and one day after the date, following the Termination Date with respect to all Lenders, on which the Aggregate Unpaids have been paid in full.

Capitalized definitional terms used herein and not otherwise defined shall have the meanings assigned to such terms in the Amended and Restated Receivables Purchase Agreement by and between MHC Receivables, LLC and Credit One Bank, NA, dated May 11, 2011, among, *inter alia*, the Seller, the Conduit Lenders, the Committed Lenders, the Lender Agents, the Deal Agent and the Servicer.

Dated: **December 15, 2014**          **MHC RECEIVABLES, LLC**

                                      _____
                                      Rusty Kendall, Authorized
                                      Representative

Dated: **December 15, 2014**          **SHERMAN ORIGINATOR III LLC**

                                      _____
                                      Jon Mazzoli, Director

Credit One Bank, N.A. hereby acknowledges the above referenced sale. The Accounts assigned under the terms of this Bill of Sale were originated by Credit One Bank, N.A. and have previously been assigned to MHC Receivables, LLC pursuant to a series of self-executing agreements.

Dated: **December 15, 2014**          **CREDIT ONE BANK, N.A.**

                                      _____
                                      Vicki Scott, Vice President of
                                      Portfolio Services - Operations

## EXHIBIT F

### AFFIDAVIT OF SALE

| | |
|---|---|
| STATE OF NEVADA | ) |
| | ) ss. |
| COUNTY OF CLARK | ) |

Your Affiant, Vicki Scott, being first duly sworn, states under oath as follows:

1. My name is Vicki Scott. I am a Vice President of Portfolio Services - Operations at Credit One Bank, N.A. ("Credit One"), an Authorized Representative of FNBM, LLC ("FNBM"), and an Authorized Representative of MHC Receivables, LLC ("MHC"). I am over the age of eighteen and authorized to make this Affidavit on behalf of Credit One, FNBM, and MHC. If called as a witness, I can testify to a court competently as to my knowledge of the facts contained herein.

2. The facts stated herein are within my personal knowledge and are based on my review of the relevant books and records available to me.

3. As part of my regular job duties, I have access to and routinely review the account records maintained by or for Credit One in the ordinary course of its business with regard to the sale and assignment of Credit One's accounts and receivables.

4. As part of my regular job duties, I also have access to and routinely review the account records maintained by FNBM in the ordinary course of business with regard to the purchasing, sale and assignment of FNBM's receivables.

5. As part of my regular job duties, I also have access to and routinely review the account records maintained by MHC in the ordinary course of business with regard to the purchasing, sale and assignment of MHC's accounts.

6. On or about **December 15, 2014,** FNBM sold the pool of receivables included in the electronic data file named [Redacted] and attached to this affidavit as Exhibit A (identified in this affidavit as "Sold Receivables") to **Sherman Originator III LLC** ("Sherman") pursuant to a Bill of Sale between FNBM and Sherman dated **December 15, 2014.**

7. The Sold Receivables were originated by Credit One and owned by FNBM immediately prior to the sale to Sherman on **December 15, 2014.**

8. On or about **December 15, 2014 MHC** sold the pool of accounts included in the electronic data file named [Redacted] and attached to this affidavit as Exhibit A (identified in this affidavit as "Sold Accounts") to **Sherman** pursuant to a Bill of Sale between MHC and Sherman dated **December 15, 2014**

9. The Sold Accounts were originated by Credit One and owned by MHC immediately prior to the sale to Sherman on **December 15, 2014.**

10. Together, the Sold Accounts and the Sold Receivables represent all rights to the accounts and receivables previously owned and serviced by Credit One. Neither Credit One, FNBM, nor MHC has retained any rights to receive payments, or to collect on the accounts or receivables. Credit One, FNBM, and MHC agreed to transfer all such rights, title and interest to Sherman.

11.   As part of the sale of the Sold Receivables and Sold Accounts to Sherman, certain of the information contained in the business records relating to the Sold Receivables and Sold Accounts (the "Transferred Records") was provided to Sherman, including certain information contained in those records shown in Exhibit A. The Transferred Records were made and/or recorded by or for Credit One, FNBM, and MHC as part of the regular course of business at or near the time of the acts, events, conditions or methods recorded and accurately reflect the status of the Receivables. The Transferred Records are accurately reflected in Exhibit A. I am not aware of any errors in the Transferred Records.

12.   To the extent that the Transferred Records include records that were prepared by Credit One, those records were accurately incorporated into the records of FNBM and MHC as a business record.

13.   To the extent that the Transferred Records include records that were prepared by a third party other than Credit One, those records were accurately incorporated into the records of FNBM and MHC as a business record, upon reliance upon the records of such third party.

The above statements are true and accurate to the best of my knowledge and are made for the benefit of any court that from time to time considers whether **Sherman Originator III LLC** (or its successors or assigns) has the right to collect and/or enforce all or any portion of the Sold Receivables.

Signed this 2nd day of December 2014.

_Vicki Scott_

Vicki Scott
Credit One Bank, N.A. – Vice President of Portfolio Services - Operations
FNBM, LLC – Authorized Representative
MHC Receivables, LLC – Authorized Representative

## ACKNOWLEDGMENT OF SIGNATURE BY LICENSED NOTARY

STATE OF NEVADA      )
                     ) ss.
COUNTY OF CLARK      )

This instrument was acknowledged before me on the 2nd day of December, 2014 by Vicki Scott, an Authorized Representative of FNBM, LLC, an authorized Representative of MHC Receivables, LLC, and a Vice President of Portfolio Services - Operations for Credit One Bank, N.A.

_Lauren Kidd_, Notary Public



LAUREN KIDD
Notary Public State of Nevada
No. 11-5830-1 AMENDED
My Appt. Exp. Sept. 15, 2015

## CERTIFICATE OF CONFORMITY

STATE OF NEVADA　　　　　)
　　　　　　　　　　　　　　) ss.
COUNTY OF CLARK　　　　　)

I, Allan J. Shutt, an attorney-at-law admitted to practice in the State of Nevada as In House Counsel for Credit One Bank, N.A., do hereby certify that I am fully acquainted with the laws of the State of Nevada pertaining to administration and taking of oaths, affirmations and acknowledgements. I further state that I am duly qualified to make this Certificate of Conformity and that the acknowledgement upon the **Affidavit of Sale** were taken by Lauren Kidd, notary public in the State of Nevada, in the manner prescribed by the laws of the State of Nevada.

IN WITNESS WHEREOF, I have signed this Certificate the ___29___ day of ___December___, 2014.

Allan J. Shutt, Esq.
Nevada State Bar # 11890
Credit One Bank, N.A.
585 Pilot Rd
Las Vegas, NV 89119

## EXHIBIT B

### BILL OF SALE

Closing Date: **December 22, 2014**

Sherman Originator III LLC ("Seller"), owner of accounts previously serviced by Credit One Bank, N.A., for value received and in accordance with the terms of the Purchase and Sale Agreement by and between Sherman Originator III LLC and Midland Funding LLC ("Buyer"), dated as of November 4, 2013 ("Agreement"), does hereby sell, assign and transfer to Buyer, its successors and assigns, all right, title and interest in and to (i) the Purchased Accounts described on computer file named ~~Redacted~~ ~~Redacted~~ and furnished by Seller to Buyer in connection herewith; and (ii) all proceeds of such Purchased Accounts after the close of business on **December 22, 2014**.

This Assignment is subject to the terms of the Agreement, without representations and warranties of any kind or character except to the extent stated in the Agreement. Any capitalized terms appearing in this Bill of Sale shall have the meanings defined for such terms in the Agreement.

With respect to information for the Purchased Accounts described in the Purchased Accounts Schedule and each related Computer File, to the best of Seller's knowledge, Seller represents and warrants to Buyer that such information (i) is materially complete and accurate; (ii) constitutes Seller's own business records that pertain to the Purchased Accounts and accurately reflects in all material respects the information in Seller's database; (iii) was kept in the regular course of Seller's business; (iv) was made, entered or compiled in the regular course of business at or near the time the underlying activity occurred, by a person with knowledge of the data entered into and maintained in Seller's database; and (v) it is the regular practice of Seller's business to maintain and compile such data.

This Bill of Sale may be entered as evidence of ownership for any of the Purchased Accounts conveyed hereby.

DATE: **December 22, 2014**

**SHERMAN ORIGINATOR III LLC**

By: _____

## EXHIBIT G

### AFFIDAVIT OF SALE OF ACCOUNTS BY
### SHERMAN ORIGINATOR III LLC

State of South Carolina
County of Charleston

I Jon Mazzoli, hereby affirm as follows:

1.     I am over 18 and not a party to this action. I am a Director of Sherman Originator III LLC. In that capacity, I have access to certain books and records of Sherman Originator III LLC, and certain of its subsidiaries and affiliates (altogether, "Debt Seller"), and am aware of the process of the sale and assignment of electronically stored business records.

2.     Sherman Originator III LLC owns certain accounts, and maintains and records information in the records as they relate to such accounts. I am authorized to make the statements and representations set forth in this affidavit on behalf of Sherman Originator III LLC. The statements set forth herein are true and correct to the best of my knowledge, information, and belief, based on either personal knowledge or review of the business records of the Debt Seller.

3.     My duties include having knowledge of, and access to, business records relating to the Accounts (as defined below). These records are kept by Sherman Originator III LLC in the regular course of business, and it was in the regular course of business of Sherman Originator III LLC, for an employee or representative with personal knowledge of the act, event, condition, or opinion recorded to make memorandum or records or to transmit information thereof to be included in such memorandum or records; and that the records were made at or near the time of the act and/or event recorded or reasonably soon thereafter.

4.     On **December 22, 2014,** Sherman Originator III LLC sold a pool of charged-off accounts (the Accounts) by a Purchase and Sale Agreement and a Bill of Sale to Midland Funding LLC. Sherman Originator III LLC had previously bought the Accounts from MHC Receivables, LLC on, **December 15, 2014**. The original creditor was Credit One Bank, N.A.

5.     Pursuant to the sale, Seller sold, transferred, assigned, conveyed, granted, bargained, set over and delivered to Buyer and its successors and assigns, good and marketable title to the Accounts and any unpaid balance free and clear of any encumbrance, equity, lien, pledge, charge, claim or security interest. I am not aware of any errors in the Accounts.

6.     In connection with the sale of the Accounts, electronic and other records were transferred to or otherwise made available to the Buyer (the "Transferred Records"). The Transferred Records are kept by Sherman Originator III LLC in the regular course of business, and it was in the regular course of business of Sherman Originator III LLC for an employee or representative with personal knowledge of the act, event, condition, or opinion recorded to make memorandum or records or to transmit information thereof to be included in such memorandum or records; and that the records

were made at or near the time of the act and/or event recorded or reasonably soon thereafter.  To the extent that the Transferred Records include records that were prepared by a third party, they are records that were incorporated into the records of Sherman Originator III LLC as a business record and the accuracy of such records are relied upon by Sherman Originator III LLC in the regular course of business.

The above statements are true to the best of my knowledge.

Signed this **22nd** day of **December, 2014**

_____

**JON MAZZOLI**

Affirmed to and subscribed before me this **22nd** day of **December, 2014**

_____

**Sarah Geist, Notary**

```
┌─────────────────────────────────┐
│          SARAH GEIST            │
│ Notary Public, South Carolina   │
│     My Commission Expires       │
│       September 11, 2022        │
└─────────────────────────────────┘
```

CERTIFICATE OF CONFORMITY

I, <u>Luke Umstetter</u> , an attorney-at-law admitted to practice in the State of South Carolina and fully acquainted with the laws of the State of South Carolina pertaining to the acknowledgement or proof of deeds of real property to be recorded therein, do hereby certify that I am duly qualified to make this certificate of conformity and that the acknowledgement or proof upon the affidavit taken by <u>Sarah Geist</u>, notary public in the State of South Carolina, in the manner prescribed by the laws of the State of South Carolina and conforms to the laws thereof in all respects.

IN WITNESS WHEREOF, I have hereunto set my signature, on December 22, 2014.

Luke Umstetter
Attorney at Law, State of South Carolina

| Field | Field Data |
|---|---|
| AcctID | ██████████ |
| OrigCreditor | Credit One Bank, N.A. |
| AccountNumber | ████████████████ |
| SSN | ████████ |
| DateOfBirth | ██████ |
| BrwrFirstName | Mary |
| BrwrLastName | Beavers |
| BrwrAddr1 | 419 Carpenter Dr |
| City | Little Rock |
| State | AR |
| Zip | 72205 |
| WorkPhone | ██████████ |
| OriginationDate | 04/16/2014 |
| ChgOffDate | 11/23/2014 |
| ChgOffBalance | $613.51 |
| Sale Amount | $613.51 |

Data printed by Midland Credit Management, Inc. from electronic records provided by Sherman Originator III, LLC pursuant to the Bill of Sale / Assignment of Accounts transferred on or about 12/22/2014 in connection with the sale of accounts from Sherman Originator III, LLC to Midland Funding, LLC.

# EXHIBIT III

**CREDIT ONE BANK CREDIT CARD STATEMENT**
Account Number ▬▬▬▬
October 22, 2014 to November 21, 2014

| SUMMARY OF ACCOUNT ACTIVITY | |
| --- | --- |
| Previous Balance | $568.23 |
| Payments - | $0.00 |
| Other Credits - | $0.00 |
| Purchases + | $0.00 |
| Cash Advances + | $0.00 |
| Fees Charged + | $35.00 |
| Interest Charged + | $10.28 |
| New Balance | $613.51 |
| Credit Limit | $300.00 |
| Available Credit | $0.00 |
| Statement Closing Date | 11/21/14 |
| Days in Billing Cycle | 31 |

**QUESTIONS?**
Call Customer Service or Report
a Lost or Stolen Credit Card    1-877-825-3242
Outside the U.S. Call    1-702-405-2042

Please send billing inquiries and correspondence to:
P.O. Box 98873, Las Vegas, NV 89193-8873

| PAYMENT INFORMATION | |
| --- | --- |
| New Balance | $613.51 |
| Past Due Amount | $181.00 |
| Amount Due This Period | $467.51 |
| Minimum Payment Due | $613.51 |
| Payment Due Date | 12/17/14 |

**Late Payment Warning:**
If we do not receive your minimum payment by the date listed above, you may have to pay a late fee up to $35.

**Minimum Payment Warning:**
If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance.

For example:

| If you make no additional charges using this card and each month you pay... | You will pay off the balance shown on the statement in about... | And you will end up paying an estimated total of... |
| --- | --- | --- |
| Only the minimum payment | 1 months | $614.00 |

If you would like a location for credit counseling services, call 1-866-515-5720.

| TRANSACTIONS | | | | |
| --- | --- | --- | --- | --- |
| Reference Number | Trans Date | Post Date | Description of Transaction or Credit | Amount |
| | | | **Fees** | |
| | 11/21 | 11/21 | LATE FEE | 35.00 |
| | | | **TOTAL FEES FOR THIS PERIOD** | **35.00** |
| | | | **Interest Charged** | |
| | 11/21 | 11/21 | Interest Charge on Purchases | 10.28 |
| | 11/21 | 11/21 | Interest Charge on Cash Advances | 0.00 |
| | | | **TOTAL INTEREST FOR THIS PERIOD** | **10.28** |

| 2014 Totals Year-to-Date | |
| --- | --- |
| Total fees charged in 2014 | $310.00 |
| Total interest charged in 2014 | $56.91 |

YOUR ACCOUNT IS SCHEDULED TO BE CHARGED OFF.
THE BALANCE WILL BE DUE IN FULL.  CALL (888)
729-6274.

Your account is currently closed.

| INTEREST CHARGE CALCULATION | | | |
| --- | --- | --- | --- |
| Your Annual Percentage Rate (APR) is the annual interest rate on your account. | | | |
| Type of Balance | Annual Percentage Rate (APR) | Balance Subject to Interest Rate | Interest Charge |
| Purchases | 23.90%(v) | $515.88 | $10.28 |
| Cash Advances | 23.90%(v) | $0.00 | $0.00 |
| (v) = Variable Rate | | | |

5385        JBH        001   7  21  141121   0      C X PAGE 1 of 1        2 0  5727   9620    A108   O1DL5385

**Please return this portion with your payment, and write your account number on your check, made payable to CREDIT ONE BANK.**

**PAY YOUR BILL ONLINE at CreditOneBank.com**
Account Number: ▬▬▬▬
New Balance:        $613.51
Minimum Payment Due: $613.51
Payment Due Date:    12/17/14

☐ For address, telephone and email changes,
please check the box and complete the reverse side.
Or, update your contact information online
at www.CreditOneBank.com.

**AMOUNT ENCLOSED:** $_____.

CREDIT ONE BANK
PO BOX 60500
CITY OF INDUSTRY CA 91716-0500

MARY BEAVERS
419 CARPENTER DR
LITTLE ROCK AR 72205-4728

**0000000** ▬▬▬▬▬▬▬▬

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2016-Jan-13  12:15:44
60CV-15-5953
C06D13 : 1 Page

## IN THE CIRCUIT COURT OF PULASKI COUNTY
## STATE OF ARKANSAS

**MIDLAND FUNDING LLC**

Plaintiff/Petitioner

vs.

**MARY BEAVERS**

Defendant/Respondent

Case No.:  **60CV-15-5953**
Division:

AFFIDAVIT OF SERVICE OF
Summons; Complaint; EXHIBITS

Received by Emmett Willis, on the 10th day of December, 2015 at 4:54 PM to be served upon MARY BEAVERS at 419 Carpenter Dr, Little Rock, Pulaski County, AR 72205.
On the 10th day of December, 2015 at 7:02 PM, I, Emmett Willis, SERVED the within named defendant at 419 Carpenter Dr, Little Rock, Pulaski County, AR 72205 in the manner indicated below:

**INDIVIDUAL SERVICE**, by personally delivering 1 copy(ies) of the above-listed documents to the named Defendant.

**THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:** Who accepted service, with identity confirmed by verbal communication, a brown-haired white female approx. 55-65 years of age; 5'8"-5'10" tall and weighing 240-300 lbs.

**Service Fee Total: $ 65.00**

I, being first duly sworn, depose and state: "That I am a citizen of the United States, over the age of eighteen, not a party to nor interested in the above entitled action, and have the proper authority in the jurisdiction in which this service was made. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true and accurate.

NAME: _____   no file number   12/10/2015
Emmett Willis                     Server ID #:       Date

Notary Public:  Subscribed and sworn before me on this **10TH** day of **DECEMBER** in the year of 20**15**
Personally known to me ✓ or _____ identified by the following document:

Number/Reference: _____
Type: _____
Notary Public for State of: **ARKANSAS**
Commission Expiration: **01-16-2024**

_____
Notary Public (Legal Signature)

GWENDOLYN WALKER
Notary Public-Arkansas
Saline County
My Commission Expires 01-16-2024
Commission # 12397906

REF: M010433

Complaint: Exhibit 2

Complaint: Exhibit 3

**ELECTRONICALLY FILED**
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2016-Jan-26  14:31:38
60CV-15-5953
C06D13 : 1 Page



**Arkansas Judiciary**

**Case Title:**      MIDLAND FUNDING LLC V MARY BEAVERS

**Case Number:**   60CV-15-5953

**Type:**            SUMMONS - FILER PREPARED

So Ordered

Nancy Sadler

Electronically signed by NLSADLER on 2015-12-03 11:29:28    page 4 of 4

ANSWER:

I did not apply for
Nor recieve a credit card.
This is NOT my bill
   MaryBeavers
   419 Carpenter Dr
   LR, AR 72205
(501) 563-9369   marybeavers53@gmail.com

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2016-Feb-24 11:07:44
60CV-15-5953
C06D13 : 8 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION

MIDLAND FUNDING LLC                                                  PLAINTIFF

vs.                                         CASE NO.: 60CV-15-5953

MARY BEAVERS                                                        DEFENDANT

## PLAINTIFF'S FIRST SET OF REQUEST FOR ADMISSIONS

TO:   **MARY BEAVERS**
419 Carpenter Dr
Little Rock, AR 72205

     The Plaintiff requests the following discovery of Defendant, MARY BEAVERS, pursuant to Arkansas Rules of Civil Procedure 33, 34, and 36. Defendant is directed to serve its verified answers, and to produce the requested documents in conformance with the above-cited rules, on or before thirty (30) days from the date certified below, at the law offices of Lloyd & McDaniel, PLC, P.O. Box 23200, Louisville, Kentucky 40223-0200.

### Instructions Regarding Requests for Admissions

     The Plaintiff requests that the Defendant answer the following requests to admit facts pursuant to, and in accordance with, Arkansas Rule of Civil Procedure 36. If the Defendant objects to any requested admission, the reasons therefore shall be stated. The Defendant's answer shall specifically admit or deny the requested admission, or set forth in detail the reasons why the Defendant cannot truthfully admit or deny the requested admission. A denial shall fairly meet the substance of the requested admission, and when good faith requires that the Defendant qualify an answer or deny only a part of the matter of which an admission is requested, the Defendant shall specify so much of it as is true and qualify or deny the remainder, again detailing the specificity of the denial or the part thereof.

     Please note that if after you submit your responses to these requests for admissions, you learn that any such response was either incomplete when made, or, although complete and correct when made, is no longer complete and correct, you must amend or supplement your response reasonably promptly after you discover the necessity for such an amendment or supplementation. Plaintiff will object at trial or any hearing to your use or attempted use of any evidence that is inconsistent with matters that you have admitted or that you have failed to deny on a timely basis.

### DEFINITIONS

A.    "Issuer" refers to CREDIT ONE BANK, N.A..

B.    "Account" or "the Account" refers to Account Number **************** with CREDIT ONE BANK, N.A..

Complaint: Exhibit 4

C.      "Card" or "the Card" refers to the CREDIT ONE BANK, N.A. card that was issued on the Account.

D.      "Defendant", "you", "your", or "yours" refers to MARY BEAVERS.

E.      "Plaintiff" refers to MIDLAND FUNDING LLC and encompasses any person, employee, or other entity authorized to act on Plaintiff's behalf.

F.      "Identify", as used herein with regard to a person, shall mean to provide the following: (1) the person's full name; (2) any other names the person uses or has used in the past; (3) the person's residential address and telephone number; (4) the person's business address(es) and telephone number(s); (5) the person's employer and job title; (6) if the person is a former employee of Defendant, the person's last job title while so employed, and the date of termination; and (7) if the person is not an employee of Defendant but has some other connection with Defendant, for example, agent, independent contractor, officer, director, or customer, the person's connection with Defendant.

G.      "Identify", as used herein with regard to documents or tangible things, shall mean to describe such documents or tangible things by title, present location, usual location, custodian, and contents.

H.      The word "document" is used herein in its broadest sense to include any medium upon or with which information is recorded or preserved which belongs to, or is in or subject to the possession, custody or control of Defendant or Defendant's attorneys, agents, employees, trustees, representatives, professional accountants, and any attorneys with whom you may claim the right of joint defense privileges or special relationships, by whomever generated or received, including without limitation: writings; printings; drawings; graphs; charts; notes; typewriting; photographs; slides; motion pictures; videotapes or cassettes; phonograph records; tape or other mechanical recordings; ledgers; books; statements of accounts; journals; notices; letters; catalogs; canceled checks; bank statements; invoices; bills; diaries; purchase orders; memoranda of telephone communications; telegrams; telexes or "TWX's"; telecopies; drafts or preliminary versions of the foregoing; communications to or from any governmental or law enforcement subdivision, officer, or agency; and any other instrument, writing, recording, or data compilation of any nature whatsoever, including any carbon, photographic, microfilm or other type of copy of such items, whether or not such copy is different from the original by reason of any markings, additions, commentaries, revisions, deletions, or substitutions.

I.      "Communication" shall include, but is not limited to, any oral communications, correspondence, memoranda, reports, records and/or recordings of telephone calls and reports of meetings.

J.      "Person" means an individual, corporation, trust, partnership, incorporated or unincorporated association, or any other legal entity.

K.    "Credit bureau" means any person who, for compensation, gathers, records, and disseminates information relative to the creditworthiness, financial responsibility, paying habits, and other similar information regarding any person, for the purpose of furnishing consumer reports to third parties.

L.    "Charge-off date" means November 23, 2014.

M.    "Possession, custody or control" when used in reference to documents or other tangible things includes, without limitation, documents or things in your personal possession, custody or control, documents or things in the possession, custody or control of your attorneys or any other agents of yours, and documents or things which you could obtain, or copies of which you could obtain by reasonable good faith effort. Possession, custody or control includes constructive possession such that the person need not have actual physical possession. As long as Defendant has a superior right to compel the production from a third party (including an agency, authority or representative), Defendant has possession, custody or control.

## REQUESTS FOR ADMISSION

**Request for Admission No. 1:**
You are a resident of the county in which this suit was filed.

        Response:


**Request for Admission No. 2:**
You signed the original application for the Card in the county in which this suit was filed.

        Response:


**Request for Admission No. 3:**
You used the Card to make purchases or obtain extensions of credit in the county in which this suit was filed.

        Response:


**Request for Admission No. 4:**
Defendant applied to Issuer for issuance of the Card.

        Response:

**Request for Admission No. 5:**
The Card was issued to Defendant.

     Response:


**Request for Admission No. 6.**
Defendant received the Card.

     Response:


**Request for Admission No. 7.**
Defendant accepted the Card.

     Response:


**Request for Admission No. 8.**
Defendant signed the back of the Card.

     Response:


**Request for Admission No. 9.**
Defendant used the Card to make purchases.

     Response:


**Request for Admission No. 10.**
Defendant used the Card to obtain extensions of credit.

     Response:


**Request for Admission No. 11:**
Issuer made cash advances to Defendant, either as actual cash or in payment for purchases
Defendant made from third parties by using the Card.

     Response:

**Request for Admission No. 12:**

Defendant accepted each such advance on the Account.

      Response:

**Request for Admission No. 13:**

By accepting each such advance under the terms of the agreement applicable to the Account Defendant became bound to pay the amounts of such advances, plus any additional charges provided for in such agreement.

      Response:

**Request for Admission No. 14:**

Until at least the charge-off date Issuer sent to Defendant on a monthly basis a statement of charges and balance due on the Account.

      Response:

**Request for Admission No. 15:**

Defendant did not, within sixty days of the date of any billing statement on the Account send to Issuer a written dispute of the billing statement.

      Response:

**Request for Admission No. 16:**

Defendant has failed to repay all of the advances made by Issuer on the Account.

      Response:

**Request for Admission No. 17:**

The balance due, owing, and unpaid on the Account, after allowing all just and lawful payments, credits and offsets, was $613.51 as of November 23, 2014.

      Response:

**Request for Admission No. 18:**
Defendant has made no payments on the Account since November 23, 2014.

     Response:


**Request for Admission No. 19:**
At least forty-five days prior to the date on which you were served with the Original Complaint in this case you received a letter from Plaintiff's attorneys requesting payment of the Account.

     Response:


**Request for Admission No. 20:**
The Account was sold to Plaintiff.

     Response:


**Request for Admission No. 21:**
The Account was assigned to Plaintiff.

     Response:


**Request for Admission No. 22:**
Plaintiff is presently the owner of the Account.

     Response:


**Request for Admission No. 23:**
Defendant is indebted to Plaintiff for the amounts asserted in Plaintiff's Original Complaint in this case.

     Response:


**Request for Admission No. 24:**
Defendant is not entitled to any setoff for sums unconnected with payments that have been made by or on behalf of Defendant.

     Response:

**Request for Admission No. 25:**
Each of the charges comprising the Account was reasonable.

      Response:

Respectfully Submitted,

Rachel

**Rachel Kuperman (2010152)**
Ashley Jones (2007097)
LLOYD & MCDANIEL, PLC
Attorneys for Plaintiff
P.O. Box 23200
Louisville, KY  40223-0200
(866) 585-1880

## CERTIFICATE OF SERVICE

    I, the undersigned, do hereby certify that I have mailed a copy of the foregoing, by United States Mail, postage pre-paid this _____ day of _____, 20_____, to the following:

Mary Beavers
419 Carpenter Dr
Little Rock, AR 72205

Rachel

Rachel Kuperman (2010152)
Ashley Jones (2007097)
LLOYD & McDANIEL, PLC

LM/M010433/PARDISC/AD3

## **VERIFICATION**

The undersigned hereby verifies that the information contained herein is accurate and correct to the best of the undersigned's information and belief.

_____

STATE OF _____     )
                                  )
COUNTY OF _____      )


Subscribed and sworn to before me on this _____ day of _____,
20_____.


My Commission Expires: _____.


_____

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2016-Jul-11  09:52:36
60CV-15-5953
C06D13 : 2 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## CIVIL DIVISION

MIDLAND FUNDING LLC,
*Plaintiff*

vs.                          CASE NO. 60CV-15-5953

MARY BEAVERS,
*Defendant*

### MOTION FOR SUMMARY JUDGMENT

Comes now, the Plaintiff, MIDLAND FUNDING LLC and moves the Court for Summary
Judgment, against the Defendant, MARY BEAVERS , by virtue of the fact that the Affidavit of
Correctness and all pleadings filed herein, including the Brief in Support of Plaintiff's Motion for
Summary Judgment (herein after "Brief in Support") filed contemporaneously herewith, show that there is
no substantial controversy as to any material fact and that Plaintiff is entitled to judgment as a matter of
law on its Complaint, as more fully set forth in the Brief in Support.

Respectfully submitted,

MIDLAND FUNDING LLC

Rachel Kuperman (2010152)
Ashley Jones (2007097)

W. Anderson Woodford (2016103)

LLOYD & McDANIEL, PLC
Attorneys for Plaintiff
P.O. Box 23200
Louisville, Kentucky 40223-0200
(866) 585-1880

LM/M010433/PARMSJ/SJ

Complaint: Exhibit 5

## CERTIFICATE OF MAILING

I, the undersigned, do hereby certify that I have mailed a copy of the foregoing, by United States

Mail, postage pre-paid this _____ day of _____, 20_____, to the following:

Mary Beavers
419 Carpenter Dr
Little Rock AR 72205

_____
Rachel Kuperman (2016152)
Ashley Jones (2007097)

W. Anderson Woodford (2016103)

LLOYD & McDANIEL, PLC

LM/M010433/PARMSJ/SJ

Pursuant to 15 U.S.C. § 1692e, this communication is from a debt collector.

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2016-Jul-11  09:52:36
60CV-15-5953
C06D13 : 3 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION

MIDLAND FUNDING LLC,
   *Plaintiff*

    vs.      CASE NO. 60CV-15-5953

MARY BEAVERS,
   *Defendant*

## BRIEF IN SUPPORT OF PLAINTIFF'S
## MOTION FOR SUMMARY JUDGEMENT

  The Plaintiff, MIDLAND FUNDING LLC, hereby submits its Brief in Support of its Motion for Summary Judgment against the Defendant, files contemporaneously herewith.

I.

## MATERIAL FACTS TO WHICH NO ISSUE EXISTS

  The following material facts, each of which is supported by admissible evidence are not in dispute and present no genuine issue for a Trier of Fact:

1. The Defendant, MARY BEAVERS, is a resident of Pulaski County, Arkansas.

2. That the underlying obligations owed by the Defendant to the Plaintiff results from charges made by the Defendant on a credit account, which has been assigned for valuable consideration to the Plaintiff, MIDLAND FUNDING LLC as shown by the Certificate of Assignment attached hereto as Exhibit "I", and while the obligations are due and owing and while repeated demands have been made upon the Defendant, payment has not been forthcoming.

3. The Defendant, MARY BEAVERS, is indebted to Plaintiff for the sum of $613.51 as of June 18, 2016, plus court costs as of the date of judgment in the amount of $250.00, and costs for the filing of any executions, including judgment liens and garnishments, which may issue hereafter and until this Judgment is satisfied.

4. Plaintiff is the lawful holder of the Account and Defendant has failed, refused and neglected to pay the same after due and proper demand therefore.

5. Plaintiff has complied with all the terms, conditions, and provisions of the Account and is duly empowered to bring this action.

6. The Defendant has failed to respond to Plaintiff's Request for Admissions which contain therein all allegations of Plaintiff's Complaint.  Said request for admissions were filed with the Court.  By the operation of Rule 36 of the Arkansas Rules of Civil Procedure, said Admissions are deemed admitted.

Complaint: Exhibit 6

7. Plaintiff is entitled as a matter of law to a judgment in its favor and against Defendant for the total amount remaining due under the Account, such as being $613.51 as of June 18, 2016, plus court costs as of the date of judgment in the amount of $250.00, and costs for the filing of any executions, including judgment liens and garnishments, which may issue hereafter and until this Judgment is satisfied.

## II.

## ARGUMENT AND AUTHORITIES

A. Arkansas Rule of Civil Procedure 56(C) is designed to avoid unnecessary but absolutely useless wherein there is no genuine issue as to any material fact. Rule 56 (C) is designed to prevent the usurpation of the trial court's valued time by unnecessary trials.

B. It is mandatory for summary judgment to be granted when no material issue exists. The language of Rule 56(C) is not permissive, it is compelling. The Rule states that "judgment *shall* be rendered forthwith if… there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law".

C. As set forth in Rule 56(a), the claimant may, at any time after the expiration of twenty (20) days from the commencement of the action move for a summary judgment in his favor; and, as provided in Rule 56(e), a party adverse to a Motion for Summary Judgment cannot rely on the allegations or denials in his answer or his objection, but must point to specific facts showing there is a genuine issue for trial.

D. No genuine issue exists as to any material fact, and Plaintiff is entitled to judgment as a matter of law. Plaintiff has clearly met its obligation to supply to the Court such materials as are necessary to support the allegations contained in the Complaint. The adverse party has an obligation to controvert those materials through affidavit or other appropriate means as provided for in Rule 56. Plaintiff has met its burden and is entitled to summary judgment based upon the pleadings and the sworn Affidavit provided herein.

## III.

## CONCLUSION

Under Rule 56, the Court must grant Summary Judgment to the moving party if it appears that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. The Complaint of the MIDLAND FUNDING LLC and the Exhibits show that there is no genuine issue of fact in the Plaintiff's Complaint filed herein. Accordingly, Plaintiff respectfully requests that it be granted Summary Judgment on it Complaint filed herein.

Respectfully submitted,

MIDLAND FUNDING LLC

_Rachel Kuperman (2010152)_
Rachel Kuperman (2010152)
Ashley Jones (2007097)

W. Anderson Woodford (2016103)

LLOYD & McDANIEL, PLC
Attorneys for Plaintiff
P.O. Box 23200
Louisville, Kentucky 40223-0200
(866) 585-1880

## CERTIFICATE OF MAILING

I, the undersigned, do hereby certify that I have mailed a copy of the foregoing, by United States

Mail, postage pre-paid this _____ day of _____, 20_____, to the following:

Mary Beavers
419 Carpenter Dr
Little Rock AR 72205

_Rachel Kuperman (2010152)_
Rachel Kuperman (2010152)
Ashley Jones (2007097)

W. Anderson Woodford (2016103)

LLOYD & McDANIEL, PLC

LM/M010433/PARMSJ/SJ

Pursuant to 15 U.S.C. § 1692e, this communication is from a debt collector.

Complaint: Exhibit 7

```
1          IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
                         THIRTEENTH DIVISION
2

3

4   MIDLAND FUNDING, LLC,                              PLAINTIFF,

5

6   V.                        NO. 60CV-15-5953

7

8   MARY BEAVERS,                                      DEFENDANT.

9

10

11

12

13

14

15                     SUMMARY JUDGMENT HEARING

16

17          BE IT REMEMBERED that on Tuesday, the 23rd day

18   of August, 2016, beginning at 2:35 p.m., before the

19   HONORABLE W. MICHAEL REIF, a Circuit Judge for the Sixth

20   Judicial District of Arkansas, of which Pulaski County is

21   a part, the above-styled cause of action was heard before

22   the Court.

23          The following is a true, correct, and complete

24   transcription of the hearing held on said date.

25
```

1

2                    *A P P E A R A N C E S*:

3

4              FOR THE PLAINTIFF:

5          ROBERT QUINN LEA, ESQ.
              PARKER AND LEA
6           Post Office Box 1069
            Bryant, Arkansas  72089
7

8

9              FOR THE DEFENDANT:

10                    PRO SE

11

12

13

14

15

16

17

18

19                    *I N D E X*

20                                        PAGE NO.

21  CAPTION  . . . . . . . . . . . . . . . . . . 01

22  APPEARANCES  . . . . . . . . . . . . . . . . 02

23  HEARING CONCLUDED . . . . . . . . . . . . . . 07

24  REPORTER'S CERTIFICATE  . . . . . . . . . . . 08

25

*P R O C E E D I N G S*

THE COURT:  We're on the record in CV-15-5953, *Midland Funding, LLC v. Mary Beavers*.  We're here on a summary judgment hearing set by the plaintiff.

Are the parties ready to proceed?

MR. LEA:  Yes, Your Honor.  Quinn Lea appearing for the plaintiff in this case.

THE COURT:  What was that again, sir?

MR. LEA:  Quinn Lea, Q-u-i-n-n L-e-a.

THE COURT:  And, ma'am, you are Ms. Beavers?

MS. BEAVERS:  Yes, sir.

THE COURT:  All right.

Mr. Lea, you may proceed.

MR. LEA:  Your Honor --

THE COURT:  If you would, go to the podium.

MR. LEA:  Yes, Your Honor.

Your Honor, in this case, the plaintiff filed a complaint in December 2015 alleging that defendant got a credit card and had purchases on the credit card.

In January of 2016, defendant responded, and then plaintiff's regular counsel served on defendant requests for admissions.  These

1       requests for admissions have gone unanswered to

2       date, and, therefore, through the rules of civil

3       procedure, are deemed to be accepted by the

4       defendant.  And at this time, with those

5       requests for admissions and the exhibits that

6       were filed with the plaintiff's complaint, we

7       would request summary judgment in this case.

8            THE COURT:  I've got -- the requests for

9       admissions were filed on February 24th, 2016.

10      There's a certificate of service on the requests

11      for admissions, but it's undated.  Do you have

12      any proof that they were served on the

13      defendant?

14           MR. LEA:  None other than what's been

15      filed, Your Honor, so, no.

16           THE COURT:  Again, I mean, on the

17      certificate of service, there's no date

18      indicating it was put in the mail.

19           MR. LEA:  Yes, Your Honor.  I have to

20      apologize.  I'm appearing as local counsel --

21           THE COURT:  Sure.

22           MR. LEA:  -- and I brought this to the

23      attention of plaintiff's regular counsel

24      yesterday that some of the certificates of

25      service were not dated.  And this is one that I

1    apparently missed, and they did not provide me

2    with a dated certificate of service.

3         THE COURT:  So there's no proof, then, that

4    the requests for admissions were ever served on

5    the plaintiff -- or the defendant?

6         MR. LEA:  Yes, Your Honor.

7         THE COURT:  All right.

8         MR. LEA:  We'd respectfully request a

9    continuance to have those served on the

10   defendant, may it please the Court.

11        THE COURT:  Well, I'm going to -- at this

12   juncture, I'm going to deny the motion for

13   summary judgment.  There's no proof that the

14   requests for admissions were served on the

15   defendant, and that's the basis for your summary

16   judgment.  And, again, there's no proof that

17   they were ever served or ever mailed to

18   Ms. Beavers, and for that reason, I'm going to

19   deny the motion for summary judgment.

20        MR. LEA:  Yes, Your Honor.

21        THE COURT:  Will you prepare an order?

22        MR. LEA:  Yes, Your Honor.  I'll have

23   plaintiff's regular counsel file it in the

24   electronic system.

25        THE COURT:  All right.  Ms. Beavers, what's

1    happened today is they've asked for a summary

2    judgment --

3        MS. BEAVERS:  Can I say something?

4        THE COURT:  Ma'am.  Let me finish.  They've

5    requested a summary judgment.  They're asking

6    for a judgment based on the fact that the

7    requests for admissions were not answered.  I've

8    denied the summary judgment because there's no

9    proof that those requests for admissions were

10   ever served on you.  That means I'm denying

11   their request for a judgment at this time.

12       What we can do is set this for a final

13   trial to determine whether or not they're

14   entitled to a judgment.  You'll have a chance to

15   present a defense at that point in time.  But at

16   this juncture, I'm denying their request for a

17   judgment.

18       MS. BEAVERS:  Now can I say something?

19       THE COURT:  You may, ma'am.  You need to

20   stand up.

21       MS. BEAVERS:  Okay.  This is the things

22   he's talking about.  And I did fill them out,

23   and I mailed them to him, and I kept a copy of

24   it.  I assume that's what -- it says --

25       THE COURT:  Well, ma'am, I can't -- I can't

1    give you legal advice.  What I found is that

2    they didn't serve them on you.

3        MS. BEAVERS:  The thing is, I didn't never

4    get a credit card.  I haven't --

5        THE COURT:  Ma'am, ma'am, we're not --

6        MS. BEAVERS:  Okay.  I have a lawyer that

7    said he would represent me.

8        THE COURT:  Well, you need to talk to the

9    lawyer then.

10       MS. BEAVERS:  Okay.

11       MR. LEA:  Thank you, Your Honor.

12       THE COURT:  All right.  Court will be in

13   recess.

14       Will you prepare an order, Mr. Lea?

15       MR. LEA:  Yes, Your Honor, and I will

16   contact plaintiff's regular counsel and make

17   sure they get it to you, and I will doublecheck

18   myself to make sure they do that.

19       THE COURT:  Okay.  Thank you.

20       (WHEREUPON, at 2:41 p.m., the

21   above-entitled proceedings were concluded.)

22               ---o---

23

24

25



1
## *C E R T I F I C A T E*

2

3          I, Mary Lou Ambrose, Official Court Reporter for

4    the Thirteenth Division Circuit Court, Sixth Judicial

5    District of Arkansas, certify that I recorded the

6    proceedings by Stenomask recording in the case of

7    MIDLAND FUNDING, LLC V. MARY BEAVERS, Pulaski County

8    Circuit Case No. 60CV-15-5953, before the HONORABLE

9    W. MICHAEL REIF, Circuit Judge thereof, at Little Rock,

10   Arkansas; that said recording has been reduced to a

11   transcription by me, and the foregoing seven pages

12   constitute a true and correct transcript of the

13   proceedings held to the best of my ability, along with all

14   items of evidence admitted into evidence.

15          WITNESS my hand and seal as such Court Reporter

16   on this 26th day of October, 2016.

17

18

19                              _____

20                              Mary Lou Ambrose, CCR, CVR
                                Supreme Court Certified
21                              Court Reporter No. 440

22

23

24

25