IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MARY BEAVERS,                      *
                                   *
                Plaintiff,         *
vs.                                *       No. 4:16-cv-00886-SWW
                                   *
                                   *
MIDLAND FUNDING, LLC; MIDLAND      *
CREDIT MANAGEMENT, INC.; and       *
LLOYD & MCDANIEL, PLC,             *
                                   *
                Defendants.        *

## OPINION AND ORDER

Mary Beavers brings this action against Midland Funding, LLC, Midland

Credit Management, Inc., and Lloyd & McDaniel alleging these defendants

violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*.,

the Arkansas Fair Debt Collection Practices Act (AFDCPA), Ark. Code Ann. § 17-

24-501 *et seq.*, and the Arkansas Deceptive Trade Practices Act (ADTPA), Ark.

Code Ann. § 4-88-101 *et seq*., in their attempts to collect an alleged credit card

debt she owed.

The matter is before the Court on motion [doc.#7] of defendants to dismiss

Beavers' complaint on several grounds, including that her FDCPA claim is time-

barred.  Beavers has responded in opposition to defendants' motion and defendants

have replied to Beavers' response.  For the reasons that follow, the Court grants

defendants' motion to dismiss Beavers' FDCPA claim as time-barred and declines to exercise supplemental jurisdiction over her state law AFDCPA and ADTPA claims.

## I.

An action under the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). This one-year limitations period is triggered when the debt collector had "its last opportunity to comply with the FDCPA." *Mattson v. U.S. West Communications, Inc.*, 967 F.2d 259, 261 (8th Cir. 1992).[1]

Beavers filed this action alleging violations of the FDCPA on December 8, 2016. In her complaint, Beavers alleges that over one year earlier, on December 2, 2015, defendants filed a debt collection action against her in state court on a credit card debt she does not owe and that the filing of the collection action violated the FDCPA, the AFDCPA, and the ADTPA. Beavers was served with the complaint, which included an alleged false affidavit, on December 10, 2015, within one year of filing this action.

---

[1] In *Mattson*, the Eighth Circuit determined that once abusive letters were placed in the mail, the debt collector's conduct with respect to any violations of the FDCPA was complete. *Id*. The Court found that the date on which the debt collector mailed the letters was its last opportunity to comply with the FDCPA, and the mailing of the letters, therefore, triggered § 1692k(d). *Id*.

Defendants argue that any alleged false statements in its debt collection action were made and communicated when the action was filed and as that was the last opportunity for defendants to comply with the FDCPA, the statute of limitations began to run on the date when the collection action was filed. Beavers, in turn, argues that an FDCPA claim based on the filing of a debt collection action begins to run on the date the complaint is served, not filed, and that because she was not served with the complaint until December 10, 2015, her FDCPA claim is timely.

## A.

Courts are split as to when the FDCPA's one-year statute of limitations in cases based on an underlying debt collection action begins to run (and, apparently, are split about *Mattson*). Some courts hold that the limitations period in such cases begins to run upon the filing date of the collection action. See, *e.g., Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997) (relying, in part, on *Mattson* and holding that the "[f]iling a complaint is the debt collector's last opportunity to comply with the Act, and the filing date is easily ascertainable"); *Tyler v. DH Capital Management, Inc.*, 736 F.3d 455, 463 (6th Cir. 2013) (citing *Mattson* and holding that violation of FDCPA that arose through debt collection action occurred at filing of complaint rather than when debtor was served with complaint). Other

courts hold that the limitations period begins to run when the complaint is served, as opposed to when the complaint is filed.  See, *e.g., Johnson v. Riddle*, 305 F.3d 1107, 1113-14 (10th Cir. 2002) (holding that where the plaintiff's FDCPA claim arises from the instigation of a debt collection action, the plaintiff does not have a complete and present cause of action and thus no violation occurs within the meaning of § 1692k(d) until the plaintiff has been served, noting that if the statute of limitations began to run when the complaint was filed, the debt collector could effectively block any action under the federal statute by filing suit and then delaying service); *Serna v. Law Office of Joseph Onwuteaka, P.S.*, 732 F.3d 440, 445 (5th Cir. 2013) (comparing *Mattson* and noting that "when a debt collector files suit against an alleged debtor in contravention of § 1692i(a)(2), no harm immediately occurs because the debtor likely has no knowledge of the suit and has no need to act" and "[b]ecause the harm of responding to a suit in a distant forum arises only after receiving notice of that suit, a 'violation' does not arise under § 1692i(a)(2) until such time as the alleged debtor receives notice of the suit.").

District courts within the Eighth Circuit also appear to be split as to when the FDCPA's statute of limitations in cases based on a debt collection action begins to run.  *Cf. Boldon v. Riverwalk Holdings, Ltd*, Civ. No. 15-2105, 2016 WL 900639, at *4 (D. Minn. March 9, 2016) (determining that a new FDCPA

limitations period began to run on the date complaint was filed as that was defendants' last opportunity to comply with the FDCPA), and *Knobbe v. Bank of America, N.A.*, No. 8:05cv489, 2007 WL 2822750, at *7 (D. Neb. Sept. 26, 2007) (rejecting plaintiff's argument that any attempt to engage in a collection, including any court action, is a continuing violation and citing *Naas* as holding that "one-year statute of limitations began to run on judgment debtors' FDCPA claim against judgment creditor and its attorneys as of filing of judgment creditor's complaint in state court debt collection suit, on which claim was based"), with *Anderson v. Gamache & Myers, P.C.*, No. 4:07cv336, 2007 WL 1577610, at *8 (E.D. Mo. May 31, 2007) (finding *Johnson*'s reasoning and interpretation of *Mattson* persuasive and noting that "[i]f the statute of limitations were to run while a defendant delayed service, the result would be absurd and in contradiction of the policy behind the FDCPA" and that "the date of service is a precise and easily ascertainable date."), and *Wyles v. Excalibur I, LLC*, No. Civ. 05-2798JRTJJG, 2006 WL 2583200, at *3 (D. Minn. Sept. 7, 2006) (finding, under the reasoning in *Mattson*, that plaintiff's cause of action accrued the date she was served with the collection action, because that was the last opportunity for the debt collector to comply with the FDCPA).

Perhaps the most detailed analysis of the limitations issue before the Court was set forth by the Sixth Circuit in *Tyler,* 736 F.3d 455.  In finding that a violation of the FDCPA that arose through a debt collection action occurred at the filing of the complaint rather than when the debtor was served with the complaint, the Sixth Circuit reasoned as follows:

> First, filing a complaint may cause actual harm to the debtor: a pending legal action, even pre-service, could be a red flag to the debtor's other creditors and anyone who runs a background or credit check, including landlords and employers.  The debt collector may also use the pending legal action to pressure a debtor to pay back the debt informally, without serving the complaint—precisely the type of unfair practice prohibited by the FDCPA. See 15 U.S.C. § 1692e(5) ("The threat to take any action that cannot legally be taken or that is not intended to be taken.").
>
> Second, the alternative to dating violations from the filing of the complaint can become factually complicated.  An "attempt to collect" will often occur before service of process.  A debt collector who attempts to serve process but does not follow proper procedure or fails to find the debtor at all is surely attempting to collect a debt.  The debt collector's procedural failures or the debtor's success in escaping service should not be relevant to the viability of an FDCPA claim.  Dating the violation to the filing of the action is more easily administrable … and, in the vast majority of cases, will accord with the debt collector's intent at the time of filing.  Courts have applied a similar bright-line-rule approach in determining when the statute of limitations accrues for harassing collection letters.  Instead of running from the date of receipt, the statute runs from the mailing date, as it is "fixed by objective and visible standards" and "easy to determine." *Mattson v. U.S. West Commc'ns*, 967 F.2d 259, 261 (8th Cir.1992).
>
> Third, there is no good reason to protect debt collectors who have filed complaints but not yet served process.  As the purpose of the FDCPA "is to regulate the actions of debt collectors," *Naas*, 130 F.3d at 893, the focus should be on the debt collector's actions, not on the awareness of the debtor.

Filing suit is good evidence of an attempt to collect, and the complaint is good evidence of the details of that attempt. If the debt collector truly filed accidently or prematurely, the FDCPA's "bona fide error" exception is better suited to protect the collector than a legal rule that delays triggering a violation until service of process. See 15 U.S.C. § 1692k(c).

*Id*. at 464.

The Court adopts the reasoning of the Sixth Circuit in *Tyler*, finding it more persuasive than that of *Johnson* and *Serna* (and other like-minded decisions), and holds that the FDCPA's one-year statute of limitations in cases based on an underlying debt collection action begins to run upon the filing date of the collection action rather than when the debtor was served with the complaint.[2] Because Beavers did not file this action alleging a violation of the FDCPA until December 8, 2016, more than one year after the state court collection action was filed on December 2, 2015, her FDCPA claim is time-barred.

B.

---

[2] Although *Tyler* is a bankruptcy case, its reasoning is equally applicable in this statute of limitations context. See, *e.g., Toops v. Citizens Bank of Logan, Ohio*, No. 2:14-cv-2086, 2015 WL 1526411, at *2-3 (S.D. Ohio, April 2, 2015) (noting that "although *Tyler* was indeed a bankruptcy case, the analysis in that case nevertheless led to a clear holding that directs today's disposition" that the FDCPA statute of limitations begins to run at the time of filing of the complaint); *Vaughn v. National Collegiate Student Loan Trust 2006-3*, No. 2:14-cv-194, 2014 WL 6686751, at *5 (E.D. Tenn., Nov. 26, 2014) (noting that although the Sixth Circuit's decision in *Tyler* arose in a bankruptcy framework, "[t]he Sixth Circuit clearly stated its opinion was contrary to the reasoning of *Johnson* and that the FDCPA statute of limitations begins to run at the time of filing, rather than service.").

Beavers argues her claims are also based on defendants' conduct in the state-court debt-collection action after she filed a *pro se* answer denying defendants' allegations. In this respect, defendants appear to argue that after they filed their debt collection action in state court, defendants violated the FDCPA (and the AFDCPA and ADTPA) by (1) filing Plaintiff's First Set of Request for Admissions that did not advise Beavers that the matters would be admitted if she did not timely respond, that had a Certificate of Service that was not filled out, and that had an attached "form Verification (even though the Arkansas Rules of Civil Procedure to not require Responses to Requests for Admission to be verified),"[3] and (2) filing a motion for summary judgment based on the allegations in the complaint, the affidavit attached to the complaint, and Beavers' failure to respond to the Request for Admissions.[4]

To the extent Beavers is arguing these litigation filings constitute new or continuing violations of the FDCPA that extend the statute of limitations, that argument is rejected. The one-year statute of limitations began to run as of the

---

[3] The Court notes that procedural irregularities are not cognizable under the FDCPA. See, *e.g., Lena v. Cach, LLC*, No. 14 C 01805, 2015 WL 4692443, at *5 (N.D. Ill. Aug. 6, 2015) (if the debt collector violated a state rule of procedure, then the state's remedy is to be found in the state's rules, not the FDCPA).

[4] The state court denied that motion because there was no proof that the Request for Admissions was served on Beavers.

filing of the debt collection action in state court and defendants' litigation filings do not constitute new or continuing violations. See *Leonardo v. MSW Capital, LLC*, No. 16-cv-3845, 2017 WL 2062852, at *2 (D. Minn. May 12, 2017) ("When an FDCPA claim involves misrepresentations in a debt-collection lawsuit, a new violation is not committed merely because pleadings and memoranda are the continuing effects of the initial violation" and "The plaintiff is not deceived or abused anew each time the defendants reaffirm their deceptive statements throughout the litigation.").

## II.

As to Beavers' state law AFDCPA and ADTPA claims, the Eighth Circuit has held that when federal and state claims are joined and the federal claims are dismissed, district courts should ordinarily dismiss the supplemental state claims without prejudice to avoid needless decisions of state law as a matter of comity. See, *e.g., Figg v. Russell*, 433 F.3d 593, 600 (8th Cir. 2006) (noting that when court dismissed federal 42 U.S.C. § 1983 action, it should have exercised its discretion to dismiss state-law claims without prejudice, leaving it to plaintiff to determine whether to reassert them in state court). See also *Gibson v. Weber*, 433 F.3d 642, 647 (8th Cir. 2006) ("Congress unambiguously gave district courts discretion in 28 U.S.C. § 1367(c) to dismiss supplemental state law claims when all federal claims

have been dismissed...").  Accordingly, Beavers' state law AFDCPA and ADTPA claims will be dismissed without prejudice.

III.

For the foregoing reasons, the Court grants defendants' motion to dismiss Beavers' FDCPA claim as time-barred and dismisses her state law AFDCPA and ADTPA claims without prejudice.  The Court will enter judgment accordingly.

IT IS SO ORDERED this 13th day of June 2017.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE